In the Matter of MARTIN BURGER, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, August 17, 1992

### APPEARANCES OF COUNSEL

*Robert H. Straus,* Brooklyn *(Diana Maxfield Kearse* of counsel), for petitioner.

*Jerome Karp,* Brooklyn, for respondent.

### OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained the four

charges of professional misconduct against the respondent. The petitioner moves to confirm the report of the Special Referee and the respondent has submitted an affirmation in opposition thereto.

Charge One alleged that the respondent failed to cooperate with the legitimate investigations of the Grievance Committee by failing to submit written answers to six complaints forwarded to him from May through December 1986. The respondent failed to submit written answers in response to numerous additional demands from the petitioner.

Charge Two alleged that the respondent failed to cooperate with the legitimate investigations of the Queens County Bar Association by failing to submit written answers to three complaints forwarded to him by the Bar Association from April 1985 through August 1985. The respondent failed to submit written answers in response to numerous additional demands from the Bar Association.

Charge Three alleged that the respondent failed to cooperate with legitimate investigations of the Grievance Committee by initially failing to submit written answers to eight complaints forwarded to him by the Grievance Committee from April 1984 through November 1985. A written answer was obtained from the respondent only after additional demands were made by letter or the respondent was compelled to appear at the petitioner's offices by means of subpoena.

Charge Four alleged that the respondent failed to cooperate with the legitimate investigation of the Grievance Committee by initially failing to submit written answers to six complaints forwarded to him from February 1988 through January 2, 1990. In each instance, a written answer was obtained from the respondent only after additional demands were sent by mail together with a warning that his continued failure to answer could result in immediate action by the Committee.

After reviewing all of the evidence adduced, we find that the respondent is guilty of the four charges of professional misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent, including the emotional distress occasioned by family problems. He is, nevertheless, guilty of professional misconduct. Although the substance of the numerous complaints against the respondent

is not before the court at this juncture, failure to cooperate with the legitimate investigation of a Grievance Committee constitutes serious professional misconduct in and of itself *(Matter of Wanderman,* 100 AD2d 309).

Significantly, on February 23, 1984, just prior to the period of the respondent's failure to cooperate with new investigations into his professional misconduct, the respondent received a personally delivered Letter of Admonition from the Grievance Committee for his failure to cooperate with both the Grievance Committee and the Queens County Bar Association in their investigations of four separate complaints.

Under the circumstances, the respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and HARWOOD, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent Martin Burger is suspended from the practice of law for a period of one year, commencing September 18, 1992, and continuing until the further order of this court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of one year upon furnishing satisfactory proof (a) that during the said period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent Martin Burger is commanded to desist and refrain (1) from practicing law in any form, either as principal or agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.